■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER BASS, Appellant.—Judgment, Supreme Court, New York County (Eve Preminger, J.), rendered February 23, 1987, convicting defendant, after a jury trial, of two counts of attempted robbery in the second degree and sentencing him to concurrent indeterminate prison terms of 2½ to 5 years, is unanimously affirmed.

Defendant claims that he was deprived of a fair trial by the prosecutor's summation, which accused the codefendant—the only witness for the defense—of accommodating his testimony to that of the People's witnesses, which encouraged the jury to evaluate the defense witness's motives to lie by employing the expressions "fabricated" and "smoke screen", and which encouraged the jury not to "hide behind" the People's obligation to prove guilt beyond a reasonable doubt. Upon examination, it appears that the summation of the Assistant District Attorney was a fair response to the attack by the defendant on the People's witnesses. There were objections only to a few of the disputed remarks, and to the extent that any objections were preserved for appellate consideration and to the extent that some of the District Attorney's comments may have been inappropriate, the error was harmless in view of the overwhelming evidence of defendant's guilt *(People v Morgan,* 66 NY2d 255, *cert denied* 476 US 1120 [1986]).

The defendant's contention that the court gave an unbalanced interested witness charge is not preserved as a matter of law and we therefore decline to reach it. Were we to consider it, in the interest of justice, we would nonetheless affirm, finding any lack of balance in the interested witness charge to be harmless error *(People v Walker,* 105 AD2d 720, 721). Concur—Sullivan, J. P., Ross, Ellerin, Wallach and Smith, JJ.