■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DiANTONIO, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered May 2, 1989, convicting defendant, after a jury trial, of manslaughter in the second degree and sentencing him, as a second felony offender, to an indeterminate term of from 7½ to 15 years, unanimously affirmed.

There is no merit to defendant's claim that he could not be convicted of manslaughter in the second degree, pursuant to Penal Law § 125.15 (1) ("recklessly" causing the death of another), because the evidence at trial supported the view that he had acted "intentionally". It is well settled that the issue of

intent is a question for the jury. *(People v Velasco,* 160 AD2d 170, *affd* 77 NY2d 469; *People v Navarette,* 131 AD2d 326, *lv denied* 70 NY2d 705.) The evidence adduced at trial established that defendant told a friend that someone was willing to pay to have decedent killed. The victim was missing at about the same time defendant's live-in girlfriend began to smell an odor emanating from one of defendant's closets into which defendant, on several occasions, had deposited disinfectant and ammonia. Approximately two weeks after the onset of the odor, the girlfriend opened the door and removed a bloodstained sheet which she later found to contain the decedent. A forensic pathologist, who had observed the autopsy, testified that the cause of death was asphyxiation. The decedent had been bound by her hands and feet and placed in a closet with a double-knotted scarf around her neck. Absent direct testimony of an eyewitness to the death or the sequence of events, there is no basis for disturbing the jury's determination with respect to defendant's *mens rea. (People v Navarette, supra.)* Under these circumstances, we are satisfied that defendant's guilt was proven beyond a reasonable doubt and supported by the weight of the evidence. *(People v Contes,* 60 NY2d 620.) We also reject defendant's argument that the jury may have been improperly influenced by the court's charge, since the charge, when read as a whole, properly instructed the jury on reasonable doubt.

As the People concede, it was improper for the prosecutor to impeach defendant's girlfriend's direct testimony that defendant had said nothing to her prior to her opening the closet. They introduced her statements made to the police officers and before the Grand Jury that defendant told her to stay away from the closet and that he had committed the crime. Such testimony was improperly admitted since the witness' trial testimony had not damaged the People's case. *(People v Fitzpatrick,* 40 NY2d 44.) However, in light of the overwhelming evidence of defendant's guilt, the court's curative instruction and our view that the error caused no prejudice to defendant because it supported his attack upon this witness' credibility, we deem the error harmless. *(People v Saez,* 69 NY2d 802.)

Defendant's remaining claims with respect to the prosecutor's summation remarks were not preserved for our review and are, in any event, without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.