■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARDO VILLARINO, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered July 7, 1988, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a prison term of 6 to 18 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932),* we find that the evidence was sufficient as a matter of law to support a finding, beyond a reasonable doubt, that defendant intended to cause the deceased serious physical injury, and is therefore guilty of manslaughter in the first degree. In particular, such intent is inferable from the eyewitness testimony of the deceased's friend, and of the passing cab driver who had no connection with any of the persons involved in the shooting incident, establishing that defendant fired the shots at the deceased's upper body as the two were engaged in a scuffle *(see, People v DiAntonio,* 174 AD2d 356, 356-357, *lv denied* 79 NY2d 855). These eyewitnesses did not substantiate that defendant was backed up against the wall when he fired, and the jury was entitled to reject defendant's improbable version that the deceased was struck by a "warning" shot fired from a gun that defendant had wrestled away from him.

There is no merit to defendant's contention that an acquittal on the murder charge is inconsistent with the finding of guilt on the manslaughter charge, since the jury could have found that defendant intended to inflict serious physical injury, but not death, by firing at the victim. Or, even if the jury simply exercised leniency in acquitting defendant on the murder charge, it was free to do so *(see, People v Tucker,* 55 NY2d 1, 7).

Nor is there merit to defendant's argument that he was deprived of a fair trial by prosecutorial misconduct. While it was indeed improper for the prosecutor to attempt to impeach defendant's credibility by asking him whether he had told the police at the time of the arrest his version of what had happened *(see, People v Santiago,* 160 AD2d 639, 640, *lv denied* 76 NY2d 796), any resulting prejudice was dispelled by the sustaining of objections to the prosecutor's questions and the instructions to the jury not to infer anything from the asking of a question. To the extent that the prosecutor's summation comment that defendant probably discussed his testimony with his lawyer suggested an improper collusion with counsel, again any prejudice was dispelled by the sustaining of a defense objection. Moreover, in the context of the credibility issues raised by defendant's improbable version of events, the prosecutor's comment did not "substantially distrac[t] the jury from the credibility issues which defendant wanted considered" *(People v Colon,* 172 AD2d 173, 175, *affd* 78 NY2d 998).

As for the prosecutor's suggestion that defendant tailored his defense to fit the People's case, the remarks were a fair response to the defense attacks on the version of events given by the eyewitnesses *(see, People v Bass,* 160 AD2d 476, *lv denied* 76 NY2d 852). In any event, any prosecutorial misconduct was harmless in view of the overwhelming evidence of guilt. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.