■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN FOSKEY, Appellant.—Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered September 11, 1990, convicting defendant, after a jury trial, of burglary in the third degree, attempted burglary in the third degree, criminal mischief in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years for the burglary and second degree criminal mischief, 2 to 4 years for the attempted burglary, and 1 year each for the fourth degree criminal mischief and burglar's tools possession, unanimously affirmed.

The trial court properly denied defendant's motion at the close of the People's case for a trial order of dismissal as to the burglary, since, regardless of the testimony offered by the employee from the city agency which owned the building in question, the circumstantial evidence—including the hour at which defendant and his companion were found, that they were enlarging a hole in the wall that was already large enough to see through to the adjoining premises, that they were working in the dark, and defendant's attempted flight— provided more than enough legally sufficient proof to defeat the motion. Defendant's attempts to cast doubt on the proof of any element of the burglary charge was an issue properly submitted to the jury *(People v Vasquez,* 142 AD2d 698, *lv denied* 72 NY2d 1050). The testimony offered by defendant's witness as to defendant's permission or authority to be in the vacant first-floor apartment was equivocal, and clearly outweighed by defendant's concession that he had no such permission.

Defendant's numerous claims of prosecutorial misconduct during summation were either unpreserved or sufficiently cured by the court's prompt curative instructions *(see, e.g., People v Villarino,* 184 AD2d 475, 476, *lv denied* 80 NY2d 977). In any event, any prosecutorial misconduct was harmless in view of the overwhelming proof of defendant's guilt *(supra,* at 477). Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.