■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY WILSON, Appellant. [612 NYS2d 855] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered June 27, 1991, convicting defendant, after a jury trial, of burglary in the third degree and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Evidence at trial was that the police, responding to an early morning radio run, arrived on the scene and observed defendant in front of a closed candy store holding up a locked security gate that had been rolled down over the store-front so that the codefendant could slide underneath it and into the premises which contained a cash register and merchandise. Defendant fled as soon as he saw the officers but was apprehended after a short chase.

Viewing the evidence in the light most favorable to the People (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt was proven beyond a reasonable doubt by legally sufficient evidence. Moreover, upon an independent review of the facts, we find that the determination was not against the weight of the evidence (People v Bleakley, 69 NY2d 490). The issues raised by defendant concerning the credibility of the prosecution witnesses, including those that arose by reason of the fact defendant had neither burglar's tools nor stolen property in his possession when arrested, and his intent to commit a crime in the store, were properly placed before the jury, and, after considering the relative force of the testimony and the inferences that may be drawn therefrom, we find no reason on the record before us to disturb its determination (see, People v Foskey, 190 AD2d 638; People v Wright, 68 AD2d 930).

Defendant's argument that the officer's testimony concerning his unsuccessful efforts to contact the store owner should have been excluded as inadmissible hearsay has not been preserved for review as a matter of law by timely objection (CPL 470.05 [2]), and we decline to review it in the interest of justice.

Finally, defendant's claims with respect to the prosecutor's summation have not been preserved for review as a matter of law (CPL 470.05 [2]). In any event, the comments concerning the police officer's credibility were a fair response to defen-

dant's summation *(People v Emphram,* 179 AD2d 402, 403, *lv denied* 79 NY2d 947). Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.