■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DEVAREZ, Appellant. [621 NYS2d 602] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered April 19, 1990, which convicted defendant, after a jury trial, of murder in the second degree and sentenced him to a term of 18 years to life, unanimously affirmed.

Defendant's contention that his guilt was not proven beyond a reasonable doubt because the testimony of the sole witness to the murder was inconsistent and contradictory is without merit. Viewing the evidence in a light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of murder in the second degree is amply supported *(see, People v Bleakley,* 69 NY2d 490). The sole eyewitness testified that he observed defendant, whom he had known prior to the shooting, shoot the victim three times with a .38 caliber pistol. Moreover, the testimony was corroborated by the ballistics evidence, the findings of the medical examiner, and the testimony of the police. We find no reason on the record before us to disturb the jury's determination *(see, People v Foskey,* 190 AD2d 638).

Defendant's contention raised in his *pro se* supplemental brief that the testimony of the People's identification witness should have been precluded since the People failed to provide notice of his testimony pursuant to CPL 710.30 prior to trial is without merit. No notice was required inasmuch as the witness was sufficiently familiar with defendant and the identification was merely confirmatory *(People v Tas,* 51 NY2d 915). Thus, even had defense counsel failed to raise this objection before the trial court, defendant would not have been denied effective assistance of counsel. Concur—Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.