■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KOBERSTEIN, Appellant. [693 NYS2d 366] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree (Penal Law § 125.25 [1]) for intentionally causing the death of a woman whom he had picked up at a bar. After the victim's body was found, defendant, who was the last person seen with the victim, told a friend that he and the victim had been kidnapped. Defendant told another person, however, that the victim got out of his car when he stopped at a minimart and got into a car with three men. At trial, an expert odontologist testified that molds taken of defendant's teeth matched bite marks on the victim's cheek. In addition, a fellow inmate testified that defendant admitted that he had beaten the victim and slit her throat after she resisted his sexual advances.

Defendant failed to object to the trial court's instruction with respect to false exculpatory statements as evidencing a consciousness of guilt and therefore failed to preserve for our review his contention that the instruction impermissibly shifted the burden of proof (*see,* CPL 470.05 [2]; *People v Robinson,* 88 NY2d 1001, 1001-1002). In any event, the charge, when viewed as a whole, was proper (*see, People v Ladd,* 89 NY2d 893, 895-896).

By failing to object to the admission of the videotape from the security camera at the minimart where defendant allegedly stopped with the victim, defendant also failed to preserve for our review his contention that the court erred in admitting that tape (*see,* CPL 470.05 [2]). In any event, the tape was properly admitted in evidence after the People offered an adequate foundation establishing the authenticity and accuracy of the tape (*see, People v Patterson,* 242 AD2d 740, 741, *lv granted* 92 NY2d 903).

Defendant likewise failed to object to the prosecutor's summation, and thus his contention that several of the prosecutor's comments were improper is not preserved for our review (*see,* CPL 470.05 [2]; *People v Pierce,* 219 AD2d 856, *lv denied* 87 NY2d 850). We decline to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The proof at trial is legally sufficient to support the conviction of intentional murder (*see, People v Williams,* 84 NY2d 925, 926; *People v Bleakley,* 69 NY2d 490, 495), and the verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

County Court did not abuse its discretion in admitting several photographs of the victim's body. Although the photographs are gruesome, they were properly admitted because any prejudice was outweighed by their relevance to material issues in the case (*see, People v Pobliner,* 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *People v Fedora,* 186 AD2d 982, 983, *lv denied* 81 NY2d 762).

The court also did not abuse its discretion in denying defendant's request for funds to retain a forensic odontologist and a psychologist. "An indigent criminal defendant has a right to have funds allocated for the retention of expert witnesses upon a showing of necessity and extraordinary circumstances" (*People v Lane,* 195 AD2d 876, 878, *lv denied* 82 NY2d 850; *see,* County Law § 722-c). However, the award is discretionary (*see, People v Lane, supra,* at 878). Defendant initially sought $4,200 to retain a forensic odontologist. At the time of his prior trial (*see, People v Koberstein,* 204 AD2d 1016), defendant received

$1,150 to retain an odontologist who was never called as an expert witness at that trial. Although the court initially denied defendant's request for funds, when defense counsel renewed his request for the lesser amount of $3,000, the court noted that it was "receptive" and told defendant to confer with the court prior to making any expenditures. Defendant never raised the issue again. In the circumstances of this case, the court did not abuse its discretion in denying defendant's inflated request to retain a new expert after the court had previously allocated funds to obtain the services of an expert who did not testify at defendant's prior trial (*see, People v Lane, supra,* at 878). Moreover, defendant never pursued the matter after the court expressed its receptiveness to the retention of an expert at a more reasonable cost (*see, People v Lane, supra,* at 878). The court likewise did not abuse its discretion in not allocating funds for defendant to retain a psychologist who had previously examined defendant to conduct a further examination.

There is no merit to defendant's contention that the People improperly elicited testimony about a prior crime. The brief mention of defendant's commission of a prior crime (welfare fraud) by one of the prosecution's witnesses was inextricably interwoven with the testimony of that witness. The court properly permitted that witness, with appropriate limiting instructions, to complete the narrative of defendant's admissions to him about murdering the victim (*see, People v Till,* 87 NY2d 835, 836-837; *see also, People v Ortiz,* 238 AD2d 213, *lv denied* 90 NY2d 862, 942).

Defendant was not denied a fair trial by the admission in evidence of the audiotape recordings of the conversation between defendant and one of his friends that was monitored by the police (*see, People v Peterson,* 188 AD2d 1002, *lv denied* 81 NY2d 891). The court also did not abuse its discretion in admitting expert testimony relating to the comparison of the pattern injuries on the victim's cheek with the pattern markings on defendant's ring.

Finally, in view of defendant's history of violent attacks on women and the brutality of the instant offense, the maximum sentence of 25 years to life is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Brunetti, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Wisner, Hurlbutt and Callahan, JJ.