◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL E. ROBINSON, Appellant. [725 NYS2d 505] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]), two counts of assault in the first degree (Penal Law § 120.10 [3]) and one count of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [3]) in connection with the shooting of three police officers. On the night of December 27, 1998, defendant's wife entered a bar wearing a bathrobe and slippers. When a security guard asked if she needed help, she responded that her husband had just beaten her and locked her out of the apartment; she also stated that she was concerned for the safety of her children, who were still in the apartment, and that she needed to call 911. While defendant's wife was awaiting the arrival of the police, defendant entered the bar and attempted to grab her. The security guard prevented defendant from doing so and informed him that the police had been called. The security guard then observed defendant enter the apartment building where defendant's wife lived and at that time also observed that a marked police car was stopped in front of the building. Defendant's wife told the police that her husband had beaten her; that there was an order of protection against her husband but that he had been staying with her; that her children were inside the apartment; and that her husband may have a gun. The police knocked continuously on the two doors of the apartment with their clubs and flashlights. They identified themselves as the police and called to defendant through the doors, one of which they were able to open a few inches. After approximately 30 minutes, the fire department arrived and forced open the door. When the police were able to enter the apartment, they approached the closed double doors to the master bedroom, called to defendant that they were police officers and demanded that he exit the room. When the police opened the bedroom door, defendant fired at them and all three were struck by the gunfire. One officer was not badly injured because he wore a bulletproof vest. When that officer entered the bedroom, defendant said, "I quit." Defendant then dropped his weapon, which no longer contained ammunition.

Supreme Court properly determined that the testimony of the security guard concerning the statements made to him by defendant's wife were admissible under the excited utterance exception to the hearsay rule. "[T]he decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" (*People v Edwards,* 47 NY2d 493, 497). Under the circumstances presented here, we conclude that the

statements of defendant's wife to the security guard were not made under the impetus of studied reflection. Contrary to defendant's further contention, the court properly permitted the police officers to testify with respect to statements made to them by defendant's wife. Although those statements concerned uncharged crimes committed by defendant, the testimony of the officers with respect to those statements "was admissible as background material that completed the narrative of the episode," and the court properly instructed the jury that the testimony was admitted for that limited purpose (*People v Strong*, 234 AD2d 990, *lv denied* 89 NY2d 1016; *see, People v Till*, 87 NY2d 835, 837).

Defendant contends that the court erred in responding to an oral request by the jury foreperson for further instructions, made in the presence of counsel and defendant, without first affording defense counsel the opportunity to participate in formulating the response. By failing to object at a time when the error could have been corrected, defendant failed to preserve that contention for our review (*see, People v DePillo*, 262 AD2d 996, 997, *lv denied* 93 NY2d 1044).

Finally, the court properly denied defendant's request to instruct the jury on the defense of justification. "Even when the evidence is viewed in [the] light most favorable to the defendant, as is required whenever a claim is made that the trial court should have instructed the jury on the defense of justification * * * it is clear that the jury would be engaging in sheer speculation if it were asked to draw the inference that the defendant was acting * * * in self defense" because he believed that he was the victim of a "home invasion" robbery (*People v Johnson*, 123 AD2d 330). (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Attempted Murder, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.