THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN McCULLOUGH, Appellant. [778 NYS2d 333]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered November 9, 2000. The judgment convicted defendant, upon a jury verdict, of absconding from temporary release in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of absconding from temporary release in the first degree (Penal Law § 205.17). The evidence establishes that defendant failed to return to the Rochester Correctional Facility after his temporary release from custody pursuant to a work release program. Although defendant contends that Supreme Court erred in refusing to redact an entry in a logbook received in evidence as People's exhibit No. 6, we note that the court minimized any prejudice arising from the entry by issuing a limiting instruction (*see People v Carrion,* 1 AD3d

109 [2003], *lv denied* 1 NY3d 596 [2004]), which the jury is presumed to have followed (*see People v Owens*, 214 AD2d 480, 481 [1995], *lv denied* 86 NY2d 799 [1995]). Defendant's challenge to the sufficiency of the limiting instruction is not preserved for our review (*see* CPL 470.05 [2]; *People v Santiago*, 52 NY2d 865, 866 [1981]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Certain of defendant's further contentions regarding the receipt of allegedly inadmissible hearsay testimony are not preserved for our review (*see* CPL 470.05 [2]) and, in any event, any alleged error arising from the admission of that testimony is harmless (*see People v Kello*, 96 NY2d 740, 744 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.