The People of the State of New York, Respondent, v Rafael Rivera, Appellant. [802 NYS2d 540]—

Crew III, J.P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered March 9, 2004, upon a verdict convicting defendant of the crimes of aggravated harassment of an employee by an inmate, promoting prison contraband in the first degree (two counts) and attempted assault in the third degree.

In October 2002, while incarcerated in the Clinton Correctional Facility in Clinton County, defendant became involved in an altercation with another inmate. As a consequence, a correction officer restrained defendant, at which point he and another officer escorted defendant to the hospital. In the course thereof, defendant kicked one of the escorting officers on two

occasions. Upon arriving at the hospital area, defendant spit blood on one of the correction officers.

Defendant thereafter was indicted and charged with aggravated harassment of an employee by an inmate, two counts of promoting prison contraband in the first degree and attempted assault in the third degree. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to an aggregate prison term of $5^1/2$ to 11 years. Defendant now appeals and we affirm.

Defendant contends that County Court erred in permitting the People to amend the indictment. Initially, we note that defendant failed to object to the amendment before County Court, and thus has not preserved the issue for appeal. Nonetheless, were we to consider the propriety of the amendment in the interest of justice, we would conclude that the amendment was proper. It is axiomatic that a court may order the amendment of an indictment with respect to defects, errors or variances from the proof when such an amendment does not change the theory of the prosecution as reflected in the evidence before the grand jury (see CPL 200.70 [1]). Here, the indictment provided, among other things, that defendant caused an employee "to come into contact with urine by throwing such material . . . to wit, the defendant [had] spit blood on [an employee]." The People's motion sought to amend the indictment to read that defendant had caused an employee to come into contact with blood by expelling such material, asserting that the mention of urine constituted a typographical error. Inasmuch as the proof before the grand jury comported with the manner in which the indictment was amended and the amendment, therefore, did not change the theory of the case before the grand jury, the amendment was wholly appropriate.

Defendant additionally contends that County Court erred in allowing a stipulation of facts to be read to the jury. The record reflects that prior to the commencement of the trial, the People and defense counsel stipulated that defendant previously had been convicted of attempted possession of a weapon and that defendant had been sentenced for such crime. County Court permitted the reading of such stipulation into the record and issued appropriate cautionary instructions in that regard. Under the circumstances, the reading of the stipulation to the jury did not constitute reversible error.

Defendant further asserts that he suffered ineffective assistance of counsel by reason of his attorney's stipulation as to the fact of his prior conviction and incarceration in a correctional facility. Again we disagree. The matters to which defense counsel

stipulated were matters of record and were relevant to the trial, and we cannot say that an attorney, in most circumstances, renders ineffective assistance of counsel when he or she stipulates to irrefutable facts and, in turn, shortens the duration of the trial. Beyond that, the record reveals that defense counsel made appropriate objections at trial, competently cross-examined witnesses and gave an effective summation. Accordingly, we conclude that defendant was afforded the effective assistance of counsel. We have considered defendant's remaining contentions, including his assertion that the verdict was against the weight of the evidence, and find them equally unavailing.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.