██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR D. SMITH, Appellant. [805 NYS2d 903]—Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered March 25, 2004. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony and criminal mischief in the fourth degree and, upon a nonjury verdict, of leaving the scene of an incident without reporting.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]), leaving the scene of an incident without reporting (§ 600 [1] [a]) and criminal mischief in the fourth degree (Penal Law § 145.00 [3]), defendant contends that he did not receive effective assistance of counsel at the original *Huntley* hearing. We reject that contention. Defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's questioning of a witness at that hearing concerning the *Miranda* warnings administered to defendant (*see generally People v Flores*, 84 NY2d 184, 187 [1994]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]). Also contrary to defendant's contention, County Court did not abuse its discretion in granting the People's request to reopen the *Huntley* hearing in order to address the contention of defendant, raised for the first time at the original *Huntley* hearing, that he had asserted the right to counsel and had not waived his *Miranda* rights (*see People v Hernandez*, 124 AD2d 893 [1986]). Defense counsel did not request a transcript of the reopened *Huntley* hearing prior to its conclusion, and thus defendant failed to preserve for our review his contention that the court erred in refusing to adjourn the trial in order to enable defense counsel

to obtain the transcript (*see Matter of Eric W.*, 68 NY2d 633, 636 [1986]; *People v Sanders*, 31 NY2d 463, 467 [1973]).

Defendant failed to object to the court's ultimate *Sandoval* ruling and therefore failed to preserve for our review his contention that the court's *Sandoval* ruling constitutes an abuse of discretion (*see People v O'Connor*, 19 AD3d 1154 [2005], *lv denied* 5 NY3d 831 [2005]). Defendant also failed to preserve for our review his contention that reversal is required based on various alleged instances of prosecutorial misconduct (*see People v Hendricks*, 2 AD3d 1450, 1451 [2003], *lv denied* 2 NY3d 762 [2004]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.