■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA RICKARD, Appellant. [808 NYS2d 880]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered October 2, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree (two counts), criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of burglary in the third degree (Penal Law § 140.20) and one count each of criminal possession of stolen property in the third degree (§ 165.50) and criminal possession of stolen property in the fourth degree (§ 165.45). Defendant failed to preserve for our review his contention that County Court erred in admitting hearsay testimony and other evidence of uncharged bad acts (*see People v McCullough*, 8 AD3d 1122 [2004], *lv denied* 3 NY3d 709 [2004]; *People v Parkinson*, 268 AD2d 792, 794 [2000], *lv denied* 95 NY2d 801 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant preserved for our review his contention concerning only one of several allegedly improper comments made by the prosecutor on summation, and

we conclude that any prejudice arising from that comment was dispelled when the court sustained defendant's objection thereto (*see People v Villarino*, 184 AD2d 475 [1992], *lv denied* 80 NY2d 977 [1992]). We decline to exercise our power to review the remaining instances of alleged prosecutorial misconduct on summation as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that he was denied effective assistance of counsel based upon defense counsel's failure to object to the allegedly improper hearsay testimony and other evidence of uncharged bad acts (*see People v Singh*, 16 AD3d 974, 976-977 [2005], *lv denied* 5 NY3d 769 [2005]; *People v Johnson*, 303 AD2d 830, 834-837 [2003], *lv denied* 99 NY2d 655, 100 NY2d 583 [2003]), as well as the alleged prosecutorial misconduct on summation (*see People v Taylor*, 1 NY3d 174, 176-178 [2003]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]) and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The court properly rejected defendant's *Batson* claim with respect to the exercise of peremptory challenges to exclude two African-American jurors. The People met their burden of proffering a race-neutral reason for those challenges, and the record supports the court's determination that the proffered reason was not pretextual (*see People v Williams*, 306 AD2d 691 [2003], *lv denied* 1 NY3d 582 [2003]). Finally, defendant failed to preserve for our review his contention that the court failed to make the proper findings with respect to his status as a second felony offender (*see People v Bonilla*, 298 AD2d 871 [2002], *lv denied* 99 NY2d 555, 100 NY2d 536 [2002]), and the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.