■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSEAN JOHNSON, Appellant. [816 NYS2d 258]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered January 6, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), attempted murder in the second degree, criminal possession of a weapon in the second degree (three counts) and criminal possession of a weapon in the third degree (four counts) and, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1]), one count of attempted murder in the second degree (§§ 110.00, 125.25 [1]), three counts of criminal possession of a weapon in the second degree (§ 265.03 [2]) and four counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [4]). The judgment also encompasses the conviction of defendant upon his plea of guilty of one count of criminal possession of a weapon in the third degree (§ 265.02 [4]). Contrary to the contention of defendant, the sentencing minutes establish that Supreme Court sentenced him on all counts of which he was convicted, and we reject his further contention that the sentence is unduly harsh or severe.

We reject the contention of defendant that he was denied effective assistance of counsel based upon defense counsel's stipulation with respect to the contents of a videotape. The videotape was admissible as rebuttal evidence to discredit the testimony of defendant's alibi witness (*see People v Anonymous*, 96 NY2d 839, 840 [2001]) and defendant has not demonstrated "the absence of strategic or other legitimate explanations for [defense] counsel's" stipulation (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see generally People v Rivera*, 22 AD3d 888, 889-890 [2005], *lv denied* 6 NY3d 780 [2006]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by several alleged instances of prosecutorial misconduct during summation (*see People v Smith*, 24 AD3d 1286, 1287 [2005]; *People v Gordon*, 12 AD3d 1107 [2004], *lv denied* 4 NY3d 744 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice

(*see* CPL 470.15 [6] [a]; *People v Rickard*, 26 AD3d 800, 801 [2006]). We reject defendant's further contention that defense counsel's failure to object to those alleged instances of prosecutorial misconduct constitutes ineffective assistance of counsel (*see Rickard*, 26 AD3d at 801; *People v Anderson*, 24 AD3d 460 [2005], *lv denied* 6 NY3d 831 [2006]). Also contrary to the contention of defendant, the court did not abuse its discretion in denying that part of his motion seeking to sever the counts relating to the separate homicides (*see People v Brown*, 254 AD2d 781, 782 [1998], *lv denied* 92 NY2d 1029 [1998]). Defendant made no "showing that he would be unduly and genuinely prejudiced by the joint trial of the charges" (*id.*).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]), and we reject his further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Smith*, 275 AD2d 673 [2000], *lv denied* 95 NY2d 969 [2000]). The record supports the court's determination that the lineup identification procedure was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]), and the court properly allowed the witness who identified defendant at the lineup to testify with respect to that identification (*see* CPL 60.30; *People v Davis*, 294 AD2d 936 [2002], *lv denied* 98 NY2d 696 [2002]). The court also properly permitted the grandmother of one of the murder victims to testify concerning that victim's statement on the night of the first murder. That statement was admissible pursuant to the excited utterance exception to the hearsay rule (*see People v Robinson*, 283 AD2d 989, 990-991 [2001], *lv denied* 96 NY2d 906 [2001]). We have examined defendant's remaining contentions and conclude that none requires reversal. Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.