■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON B. PIKE, Appellant. [880 NYS2d 832]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered April 12, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the first degree and conspiracy in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of conspiracy in the second degree and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the first degree (Penal

Law § 125.27 [1] [a] [vi]; [b]) and conspiracy in the second degree (§ 105.15). We agree with defendant that the indictment, insofar as it charged him with conspiracy, is jurisdictionally defective. Pursuant to Penal Law § 105.20, "[a] person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy." Where, as here, "[a] count . . . charging [a] defendant with conspiracy . . . fail[s] to allege an overt act," that count is jurisdictionally defective and must be dismissed (*People v Keiffer*, 149 AD2d 974 [1989]; *see People v Russo*, 57 AD2d 578, 579 [1977]). While the overt act "may be the object crime" (*People v McGee*, 49 NY2d 48, 57 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]; *see People v Austin*, 9 AD3d 369, 371 [2004], *lv denied* 3 NY3d 739 [2004]), here the count charging defendant with conspiracy does not set forth that the overt act was in fact committed. We reject the People's contention that the elements of the overt act were incorporated into the conspiracy count of the indictment by the reference to Penal Law § 105.15 in that count (*see generally People v D'Angelo*, 98 NY2d 733, 735 [2002]). Penal Law § 105.15 does not state that an overt act must be pleaded and proved. Rather, that requirement with respect to the crime of conspiracy is found in Penal Law § 105.20. We reject the People's further contention that the defect in the indictment may be cured by incorporating the allegations in the bill of particulars into the indictment. While it is well settled that a bill of particulars may cure deficits in the factual allegations of an indictment (*see generally People v Iannone*, 45 NY2d 589, 597-600 [1978]), the defect in this case is the failure to allege a material element of the crime charged. That defect is jurisdictional, mandating dismissal of the conspiracy count of the indictment (*see id.* at 600-601), and we therefore modify the judgment accordingly.

Turning to the remaining contentions of defendant, we conclude that County Court did not abuse or improvidently exercise its discretion in denying his motion seeking funds to retain a jury consultant (*see People v Koberstein*, 262 AD2d 1032, 1033 [1999], *lv denied* 94 NY2d 798 [1999]; *see generally People v Cahill*, 2 NY3d 14, 44 n 11 [2003]). Defendant failed to establish that the retention of such an expert was necessary under the circumstances of this case (*see generally* County Law § 722-c; *Koberstein*, 262 AD2d at 1033).

Contrary to the further contentions of defendant, the court properly admitted *Ventimiglia* evidence as "circumstantial corroborating evidence of identity" (*People v Jones*, 276 AD2d 292,

292 [2000], *lv denied* 95 NY2d 965 [2000]; *see People v Robinson*, 28 AD3d 1126, 1128 [2006], *lv denied* 7 NY3d 794 [2006]), and the court properly refused to instruct the jury that two witnesses were accomplices as a matter of law (*see generally People v Caban*, 5 NY3d 143, 152-153 [2005]; *People v Basch*, 36 NY2d 154, 157 [1975]). In addition, we conclude that the court did not abuse its discretion in permitting the People's expert to give a tutorial on blood spatter evidence, inasmuch as that testimony tended to aid the jury in considering and evaluating the expert's conclusions concerning the blood spatter evidence presented at trial (*see generally People v Lee*, 96 NY2d 157, 162 [2001]).

The contention of defendant that he was denied his right to effective assistance of counsel based on defense counsel's advice that he refrain from testifying at trial " 'implicates strategic discussions between defendant and [defense] counsel that are dehors the record,' and thus that contention is not reviewable on direct appeal" (*People v Prince*, 5 AD3d 1098, 1099 [2004], *lv denied* 2 NY3d 804 [2004]). We further conclude that defendant was not denied effective assistance of counsel when defense counsel stipulated to a prima facie case of conspiracy in order to avoid lengthy offers of proof similar to those offered in the trial of a coconspirator (*see People v Johnson*, 30 AD3d 1042, 1043 [2006], *lv denied* 7 NY3d 790 [2006], *reconsideration denied* 7 NY3d 902 [2006]; *People v Brown*, 175 AD2d 210, 211 [1991]). In any event, "defendant has not demonstrated 'the absence of strategic or other legitimate explanations for [defense] counsel's' stipulation" (*Johnson*, 30 AD3d at 1043, quoting *People v Rivera*, 71 NY2d 705, 709 [1988]).

We reject the contention of defendant that the evidence is not legally sufficient to support the murder conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of murder in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that crime is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, we conclude that the sentence with respect to the murder conviction is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.