# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1448**

**KA 10-01824**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GORDON L. MONTGOMERY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (CHRISTOPHER M. KVAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Charles F. Crimi, Jr., A.J.), rendered July 23, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fifth degree, criminal possession of a forged instrument in the second degree and identity theft in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), criminal possession of a forged instrument in the second degree (§ 170.25) and identity theft in the first degree (§ 190.80 [3]). The conviction is based upon defendant's possession of a "convenience check" issued against the victim's credit card account, and his use of the convenience check to purchase merchandise. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict finding that defendant was the person who committed the crimes is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The People presented evidence that included a store surveillance video and the testimony of a police officer familiar with defendant who identified defendant after he viewed the video. The officer testified that he recognized defendant from his facial features and distinctive bowlegged gait. In addition, the People presented evidence that defendant and the victim had post office boxes at the same post office, and the jury was able to compare the handwriting on the change of address form defendant submitted to the post office with the handwriting on the convenience check. "[W]hile a different verdict may not have been unreasonable, upon independently 'weigh[ing] the

probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony,' we conclude that the verdict is not against the weight of the evidence" (*People v Cascio*, 79 AD3d 1809, 1811, *lv denied* 16 NY3d 893; *see People v Miller*, 93 AD3d 882, 882-883, *lv denied* 19 NY3d 975, *reconsideration denied* 20 NY3d 1063).

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court