People v Walker (2018 NY Slip Op 08797)





People v Walker


2018 NY Slip Op 08797


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1149 KA 12-02175

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS N. WALKER, DEFENDANT-APPELLANT. 






THOMAS J. EOANNOU, BUFFALO (PHIL MODRZYNSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 13, 2012. The judgment convicted defendant, upon a nonjury verdict, of robbery in the first degree (three counts) and robbery in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing those parts convicting defendant of robbery in the first degree under counts one and three of the indictment and robbery in the second degree under counts two and four of the indictment and dismissing those counts of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of three counts of robbery in the first degree (Penal Law § 160.15 [4]) and three counts of robbery in the second degree (§ 160.10 [1]). The charges stem from two separate and distinct robberies that were committed 13 days apart. Counts one through four of the indictment concern the first incident, in which there were two victims, and counts five and six concern the second incident, in which there was only one victim. Before trial, Supreme Court suppressed identification testimony from one of the two victims of the first incident; the other victim of that incident was never able to identify the assailants. The court refused to suppress identification testimony from the victim of the second incident. After the People moved for an independent source hearing with respect to the suppressed identification testimony, defendant applied to the court for an "identification expert." Following the independent source hearing, the court adhered to its determination to suppress identification testimony related to the first incident and, without elaboration, denied defendant's "request for additional funds to procure an [eyewitness] identification expert."
Defendant now contends that the court erred in denying his application for funds to retain an eyewitness identification expert only insofar as it related to the identification testimony from the victim of the second incident. Even assuming, arguendo, that defendant's original application related to the identification testimony from the victim of the second incident and is thus preserved for our review, we conclude that the court "did not abuse or improvidently exercise its discretion" in denying defendant's application (People v Pike, 63 AD3d 1692, 1693 [4th Dept 2009], lv denied 13 NY3d 838 [2009]; see People v Clark, 142 AD3d 1339, 1340 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; People v Mallayev, 120 AD3d 1358, 1358 [2d Dept 2014], lv denied 24 NY3d 1086 [2014]). To prevail on an application to have funds allocated for the retention of an expert witness, defendant "was required to show that he was indigent, that the service was necessary to his defense and, if the compensation he sought exceeded the statutory limit of $1,000, that extraordinary circumstances justified the expenditure" (People v Clarke, 110 AD3d 1341, 1342 [3d Dept 2013], lv denied 22 NY3d 1197 [2014]; see County Law § 722-c). Here, however, defendant failed to establish that the expert was " necessary to his defense' " (Clark, 142 AD3d at 1340; see Clarke, 110 AD3d at 1342; Pike, 63 AD3d at 1693), or "that [*2]extraordinary circumstances justified [an] expenditure" exceeding the statutory limit (Clarke, 110 AD3d at 1342). The eyewitness identification by the victim of the second incident was corroborated by surveillance video from two separate locations (see People v Abney, 13 NY3d 251, 269 [2009]; People v Granger, 122 AD3d 940, 941 [2d Dept 2014], lv denied 25 NY3d 989 [2015]; cf. People v LeGrand, 8 NY3d 449, 452 [2007]), and defense counsel conceded at trial that "identity [was] really not an issue" with respect to the second incident.
Defendant further contends that the conviction on each count is not supported by legally sufficient evidence because the People failed to establish that defendant committed the robberies, displayed what appeared to be a firearm, or was aided by another person actually present. With respect to counts one through four of the indictment, the only contention that defendant preserved for our review through a motion specifically directed at the ground advanced on appeal is the contention that the People failed to establish defendant's identity as the perpetrator of the robbery at issue in those counts (see generally People v Gray, 86 NY2d 10, 19 [1995]). We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's identity as one of the two people who committed the robberies underlying counts one through four (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude, with respect to the unpreserved contentions, that the evidence is legally sufficient to establish that defendant displayed what appeared to be a firearm (see generally People v Lopez, 73 NY2d 214, 220 [1989]) and that he was aided by another person actually present (see generally Bleakley, 69 NY2d at 495).
With respect to the legal sufficiency challenges to counts five and six, the only contention that defendant preserved for our review is the contention that the People did not establish he displayed what appeared to be a firearm (see Gray, 86 NY2d at 19). That contention lacks merit inasmuch as the victim testified that defendant pointed a gun at her before he and his accomplice drove her to various locations to withdraw money from her bank account. Moreover, surveillance video admitted in evidence depicts a firearm protruding from the waistband of defendant's pants. We thus conclude that the evidence is legally sufficient to establish that defendant displayed what appeared to be a firearm during the commission of the robbery (see generally Lopez, 73 NY2d at 220; Bleakley, 69 NY2d at 495). We further conclude, with respect to the unpreserved contentions, that the evidence is legally sufficient to establish defendant's identity as one of the perpetrators of the robbery and that he was aided by another person who was actually present during the commission of the offense (see generally Bleakley, 69 NY2d at 495). The victim identified defendant at trial, and surveillance video established that defendant and one other man were with the victim when she was taken to various places to withdraw money from her bank account and to use her debit card to make purchases for the two men.
Defendant further contends that the verdict on each count is against the weight of the evidence. With respect to counts one through four, we agree. Although the court in this nonjury trial could have considered defendant's commission of the second robbery as probative of his identity as the perpetrator of the first robbery (see People v Nix, 192 AD2d 1116, 1116 [4th Dept 1993], lv denied 82 NY2d 757 [1993]; cf. People v Robinson, 68 NY2d 541, 549-550 [1986]), the court stated that it intended "to consider counts one through four completely separate and distinct from counts [five and] six" and would "not allow one to influence the other" as the court had "promise[d]" in its Molineux ruling. The court, in effect, charged itself to consider only evidence directly related to the first incident in determining defendant's guilt of counts one through four. In rendering its verdict, the court reiterated that it had limited its review of the evidence on counts one through four to only that evidence directly related to those counts, eschewing any consideration of evidence related to the second incident as Molineux evidence. We are constrained to do likewise.
Viewing the evidence in light of the elements of the crimes and the effective charge that the court gave itself (see generally People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on counts one through four is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). The only evidence considered by the court on the issue of defendant's identity as the perpetrator in the first incident was a grainy surveillance video. Although that video might provide legally sufficient evidence of the perpetrator's identity, we conclude that it is simply too grainy to establish the perpetrator's identity beyond a reasonable doubt (cf. People v Montgomery, 125 AD3d 1455, 1455-1456 [4th Dept 2015], lv denied 25 [*3]NY3d 1168 [2015]). Indeed, although the police investigator who was assigned to the case was familiar with defendant from prior investigations, he was unable to identify defendant in the video. We therefore modify the judgment by reversing those parts convicting defendant of robbery in the first degree under counts one and three of the indictment and robbery in the second degree under counts two and four of the indictment and dismissing those counts of the indictment.
We further conclude, however, that the verdict on counts five and six is not against the weight of the evidence. Contrary to defendant's contention, the victim of that incident was able to identify defendant as the perpetrator of the offense, and that identification was corroborated by clear and precise surveillance video from two separate locations. Even assuming, arguendo, that a different verdict would not have been unreasonable, it cannot be said that the court failed to give the evidence the weight it should have been accorded (see generally Bleakley, 69 NY2d at 495; People v Carter, 145 AD3d 1567, 1568 [4th Dept 2016]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court