■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH STEINER, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 5, 1984, convicting him of criminal possession of stolen property in the first degree and illegal possession of a vehicle identification number plate, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated February 21, 1985, denying his motion for remission of bail forfeiture.

Judgment modified, as a matter of discretion in the interest of justice, by reversing defendant's conviction of illegal possession of a vehicle identification number plate, vacating the sentence imposed thereon, and ordering a new trial on that count. As so modified, judgment affirmed.

Order modified, as a matter of discretion in the interest of justice, by granting remission of $10,000 of the bail forfeited, which amount constitutes the amount of the bond posted with respect to a stay of execution pending appeal which was since vacated. As so modified, order affirmed, without costs or disbursements.

With respect to defendant's conviction of illegal possession of a vehicle identification number plate, it is evident that the indictment alleged a violation of Penal Law § 170.70 (3). The court, however, mistakenly charged the jury on the law as it pertains to Penal Law § 170.70 (1). A review of the two statutes indicates that the People must prove different elements in order to sustain a conviction for each crime. Consequently, it cannot be determined if the jury in fact found defendant guilty of the charged crime (see, People v Melendez, 96 AD2d 517), and the conviction on that count must be reversed and a new trial ordered thereon.

We reject, however, defendant's contention that his convic-

tion of criminal possession of stolen property in the first degree must also be reversed. Viewing the record from the perspective most favorable to the People, as we must *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the evidence was sufficient to sustain the conviction on that count.

Nor do we find that the court committed reversible error when it permitted the People to introduce into evidence defendant's prior conviction for illegal possession of a vehicle identification number. Although the conviction was rendered in 1979 and this trial, for a crime occurring in 1982, did not take place until 1983, we note there is no per se rule as to when a prior conviction becomes so remote as to lose its probative value. Rather, the question of remoteness is a matter addressed to the discretion of the court *(see, People v Formato,* 286 App Div 357, *affd* 309 NY 979). Relevant to the court's determination is the purpose for which the evidence is being introduced. Where the prior conviction is probative on the issue of knowledge, rather than one of the other *Molineaux* exceptions, remoteness may be less controlling. For example, "[t]he passage of time and changing circumstances are more likely to significantly change one's intent than they are to obliterate knowledge once gained" *(United States v Rubio-Gonzalez,* 674 F2d 1067, 1075).

We have reviewed defendant's remaining contentions with respect to his conviction and find them to be without merit.

In the absence of prejudice to the People and in the interest of justice, we modify the amount of the bail forfeiture to the extent indicated *(see, People v Ruggiero,* 69 AD2d 868). Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.