■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WEST DIAZ, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered November 14, 1983, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second and third degrees and sentencing him to a term of 15-years-to-life imprisonment on the murder conviction and concurrent terms of 1 to 7 years on each of the other convictions, unanimously affirmed.

In this case involving the killing of a gypsy cab driver, defendant's guilt was proven beyond a reasonable doubt by testimony provided by an eyewitness, and by testimony offered by two girlfriends of defendant and his codefendant, respectively, which reiterated admissions made to the police by both young men. When arrested, defendant gave a written, signed confession and made a videotaped statement which, essentially, incriminated him. The court, prior to trial, denied his codefendant's severance motion, and the codefendant's confessions, which inculpated defendant, were admitted into evidence.

We are persuaded that each of defendant's statements was voluntarily made and free from any coercive police conduct. Nor is there any evidence that the police intentionally sought to deprive defendant of access to his family *(cf., People v Bevilacqua,* 45 NY2d 508). Defendant's contention that he was deprived of the effective assistance of counsel is not supported by the record. It is defendant's burden to establish that he was denied meaningful representation *(People v Baldi,* 54 NY2d 137; *People v Satterfield,* 66 NY2d 796) and to overcome the strong presumption of competent representation *(Strickland v Washington,* 466 US 668). Defendant has failed to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *(supra,* at 694; *People v De La Hoz,* 131 AD2d 154).

The court's severance ruling preceded *Cruz v New York* (481 US 186), which invalidated the "interlocking confessions" exception to the doctrine enunciated in *Bruton v United States* (391 US 123). However, even if we were to apply the *Cruz* ruling retroactively in the interest of justice, considering the factors delineated in *People v Hamlin* (71 NY2d 750, 758), we would find introduction of the codefendant's confession to be harmless error beyond a reasonable doubt. We conclude that, with defendant's own confessions, his admissions to third parties and independent corroborative evidence, there was "no reasonable possibility that the jury's assessment of [defendant's] guilt was affected by the statements" of his codefendant *(supra,* at 758-759). Concur—Kupferman, J. P., Asch, Milonas, Wallach and Rubin, JJ.