OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the fifth degree and sentenced, as a second felony offender, to an indeterminate prison term of from
 
 21h
 
 years to 5 years. The Appellate Division, with one Justice dissenting, modified defendant’s conviction by reducing the conviction to criminal possession of a controlled substance in the seventh degree based on the absence of any proof that defendant knew she possessed 500 milligrams of
 
 *1058
 
 cocaine, and remanded for resentencing (see,
 
 People v Cooper,
 
 204 AD2d 24). The dissenting Justice granted leave to appeal to this Court
 
 (see, id.).
 

 On that appeal, we reversed the order of the Appellate Division and remitted to that Court for consideration of the facts pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b)
 
 (see, People v Gray,
 
 86 NY2d 10, 26). We so ordered because defendant had not preserved her claim that the People failed to establish her knowledge of the weight of the drugs, then an element of the crime of possession of a controlled substance in the fifth degree
 
 (see, id.,
 
 at 19-21). Nevertheless, we specifically noted that "even where defendants have failed to adequately preserve claims for appellate review, they may request that the Appellate Divisions apply their 'interest of justice’ jurisdiction under CPL 470.15 (3)”
 
 (id.,
 
 at 22).
 

 Following remittitur, the Appellate Division affirmed defendant’s conviction for criminal possession of a controlled substance in the fifth degree, stating that defendant failed to preserve her challenge to the absence of proof of her knowledge of the weight of the cocaine and that "upon reexamination of the facts * * * [the] record does not warrant consideration of this issue under our 'interest of justice’ authority (CPL 470.15 [3])”
 
 (People v Cooper,
 
 216 AD2d 213). The exercise by the Appellate Division of its interest of justice jurisdiction is beyond the review power of this Court
 
 (People v Cona,
 
 49 NY2d 26, 32-34; CPL 450.90 [2]).
 

 On this appeal, defendant argues that the Appellate Division’s affirmance indicates that Court’s failure to conduct weight of the evidence review. Defendant asserts that since the Court previously ruled that there was insufficient evidence of her knowing possession of over 500 milligrams of cocaine, had the Court exercised its weight of the evidence review power the same result necessarily would have obtained because if the evidence is legally insufficient it must be against the weight of the evidence. We disagree with defendant’s argument.
 

 "[T]he Appellate Division is constrained to weigh the evidence in light of the elements of the crime as charged without objection by defendant”
 
 (People v Noble,
 
 86 NY2d 814, 815). Here, the trial court’s charge to the jury on the elements of criminal possession of a controlled substance in the fifth degree instructed, in relevant part, that if the jurors found that defendant knowingly and unlawfully possessed cocaine and "such cocaine knowingly and unlawfully possessed by the defendant contained [500] milligrams” they could find defendant guilty of
 
 *1059
 
 that crime. This charge, presented, and later repeated at the jury’s request, without any objection from defendant, did not convey to the jurors that defendant’s knowledge of the precise quantity of cocaine she possessed was a specific element of the charged crime.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.