104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
West DIAZ, Petitioner-Appellant,
v.
Robert J. MITCHELL, Respondent-Appellee.
 No. 96-2361.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Barrington D. Parker, Judge).
 APPEARING FOR APPELLANT: Jonathan C. Scott, Melville, N.Y.
 APPEARING FOR APPELLEE: Art Middlemiss, Asst. Dist. Atty., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: NEWMAN, Chief Judge. WINTER, and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 West Diaz appeals from the April 3, 1996, judgment of the District Court denying his petition for a writ of habeas corpus to challenge his state court conviction. Petitioner's sole contention on appeal is that the state trial court erred in admitting the confession of a non-testifying co-defendant and the testimony of the co-defendant's girlfriend recounting inculpating statements made by the co-defendant to her in petitioner's presence. Petitioner contends that the errors infected the jury's verdict because, apart from the erroneously admitted confession and testimony, there was no direct evidence that he "shared the intent" of committing the armed robbery underlying his felony-murder conviction.
 
 
 4
 Petitioner and his co-defendant, Guillermo Rodriguez, were tried together and convicted in 1983 in the New York State Supreme Court, New York County (James J. Leff, Justice), of murder in the second degree, in violation of N.Y. Penal Law § 125.25(3); of robbery in the first and second degrees, in violation of N.Y. Penal Law §§ 160.15(2) & 160.10(1); and of criminal possession of a weapon in the second and third degrees, in violation of N.Y. Penal Law §§ 265.03 & 265.02(4). During the joint trial, Rodriguez's confession to the police, inculpating both himself and petitioner, was admitted under the "interlocking confession" exception to the rule of Bruton v. United States, 391 U.S. 123 (1968). Statements made by Rodriguez to his girlfriend in petitioner's presence--also inculpating both Rodriguez and petitioner--were similarly admitted.
 
 
 5
 In Cruz v. New York, 481 U.S. 186 (1987), the Supreme Court abolished the "interlocking confession" exception to the Bruton rule. Relying on this decision, petitioner appealed to the Appellate Division for review of his conviction. The Appellate Division concluded that, even if both Rodriguez's confession and his girlfriend's testimony were inadmissible under Cruz, the introduction of this evidence was "harmless beyond a reasonable doubt." People v. Diaz, 157 A.D.2d 569, 570, 550 N.Y.S.2d 312, 313 (1st Dep't 1990). The Court of Appeals denied petitioner's application for leave to appeal without opinion. People v. Diaz, 76 N.Y.2d 733, 557 N.E.2d 1191 (1990). In 1995, petitioner filed his habeas petition in the Southern District. The District Court acknowledged that the admission of Rodriguez's confession was erroneous under Cruz, but concluded that the error was harmless.
 
 
 6
 We agree with petitioner that the admission of Rodriguez's confession inculpating defendant was erroneous under Cruz. We conclude, however, that even if the testimony of Rodriguez's girlfriend was also erroneously admitted, petitioner was not prejudiced by the admission of this evidence. See Thompson v. Kelly, 22 F.3d 450, 455 (2d Cir.1994) (harmless error analysis applicable to Bruton errors).
 
 
 7
 Independent and unassailable evidence abundantly supports petitioner's conviction. First, petitioner's written and videotaped statements to the police provided strong proof of his guilt. In these statement, petitioner admitted that he was with Rodriguez at the time of the robbery and murder, that he knew Rodriguez had a gun, that he knew before the robbery that Rodriguez intended to commit a robbery that evening, that he accompanied Rodriguez to the cab, that he went to the passenger-side door while Rodriguez went to the driver-side door, that Rodriguez had demanded the driver's money after pointing a gun at his head, that Rodriguez had shot the driver, and that he split the proceeds of the robbery with Rodriguez immediately after the robbery. Second, petitioner made damaging admissions to his girlfriend immediately following the incident in question. She testified at trial that petitioner admitted to her that he and Rodriguez decided to rob the cab driver because petitioner needed money in order to pay back a loan. Finally, testimony by an eyewitness amply corroborated the petitioner's statements and his girlfriend's testimony. The witness, who was in the cab at the time of the incident, saw petitioner and Rodriguez approach the cab, watched petitioner go around the cab to the passenger-side door as Rodriguez went to the driver-side door, heard the fatal shot, and watched petitioner and Rodriguez split the proceeds of the robbery in a nearby building. There was, in sum, overwhelming evidence, independent of the erroneously admitted evidence, that petitioner actively and knowingly participated in the armed robbery resulting in the death of the cab driver.
 
 
 8
 Where "the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the co-defendant's admission is so insignificant by comparison," the admission of a co-defendant's statement in violation of Bruton is not ground for reversal. United States v. Kirsh, 54 F.3d 1062, 1068 (2d Cir.1995) (quotation and citation omitted). We agree with the District Court that the admission of Rodriguez's statement and his girlfriend's testimony did not have "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see Latine v. Mann, 25 F.3d 1162, 1167 (2d Cir.1994) (applying Brecht standard to claim of Bruton error).
 
 
 9
 We affirm the judgment of the District Court.