■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAESAR FRIENDLY, Appellant. [813 NYS2d 48]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 19, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2¹/₂ to 5 years, unanimously affirmed.

The court properly declined to submit criminal possession of a controlled substance in the seventh degree as a lesser included offense since there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater (*People v Negron*, 91 NY2d 788 [1998]). Both of the police witnesses testified unequivocally that defendant was carrying a plastic bag containing a quantity of drugs sufficient to support the fifth-degree possession charge. There is no identifiable basis in the record to reject these witnesses' testimony that defendant was carrying the bag, while at the same time accepting their testimony that he possessed the smaller amount recovered from his pocket.

The court did not err when, in an effort to dispel any misimpression the prospective jurors may have derived from the extensive media attention to proposed drug law reforms given at the time of defendant's trial, it informed the panel that this case did not involve the possibility of a life sentence (*see People v Williamson*, 267 AD2d 487, 489 [1999], *lv denied* 94 NY2d 886 [2000]). The court's statement was part of a carefully balanced instruction in which it advised the panelists, among other things, of their duty to avoid speculating about potential sentences (*see* CPL 300.10 [2]), and in which the court avoided any possible prejudice.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Nardelli, Williams and Gonzalez, JJ.