■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER PASLEY, Appellant. [833 NYS2d 26] —

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered April 29, 2004, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, affirmed.

The People's evidence showed that, on a subway station staircase, defendant approached the 18-year-old victim, grabbed a gold chain from around his neck, and simultaneously slashed his throat with a box cutter, inflicting a fatal wound. At trial,

---

defendant asserted a justification defense, claiming that he had acted to defend himself in response to alleged menacing by the victim and his companions. The jury acquitted defendant of first-degree murder and intentional second-degree murder, but convicted him of depraved indifference second-degree murder.

On appeal, defendant argues that, because the evidence showed that he intentionally killed the victim, not that he caused the death by acting in an extremely dangerous manner with wanton indifference to the resulting danger to the victim's life (see People v Feingold, 7 NY3d 288 [2006]; People v Suarez, 6 NY3d 202 [2005]; People v Payne, 3 NY3d 266 [2004]; People v Gonzalez, 1 NY3d 464 [2004]; People v Hafeez, 100 NY2d 253 [2003]), the conviction for depraved indifference murder is not supported by sufficient evidence and should be reversed. Alternatively, defendant argues that, if there was evidence of an unintentional killing, such evidence demonstrated a level of culpability no higher than recklessness, not depraved indifference to human life. As defendant acknowledges, however, these claims of legal insufficiency were not preserved for appellate review by particularized arguments for dismissal in the trial court, and we decline to review them in the interest of justice. We also reject defendant's contention that the failure to preserve his present legal insufficiency arguments suffices, without more, to establish the ineffectiveness of his trial counsel. In the absence of a record concerning the rationale for counsel's strategic choices such as would be made on a CPL 440.10 motion, defendant has not overcome "the strong presumption of competent representation" (People v Diaz, 157 AD2d 569, 569 [1990], lv denied 76 NY2d 733 [1990]), especially in view of counsel's success in securing defendant's acquittal on the charges of first-degree and intentional second-degree murder.

Defendant also argues that, even if we decline to reach his legal insufficiency arguments, the same reasoning proffered in support of those arguments should lead us to set aside his conviction for depraved indifference murder on the ground that it is against the weight of the evidence. For the reasons more fully stated by Justice Gonzalez in People v Danielson (— AD3d —, 2007 NY Slip Op 02626 [2007] [decided herewith]), we reject the contention that defendant may present an unpreserved legal sufficiency argument in the guise of a weight-of-the-evidence argument. In reviewing the facts on an appeal from a criminal conviction (CPL 470.15 [5]), we are "constrained to weigh the evidence in light of the elements of the crime as charged without objection by defendant" (People v Noble, 86 NY2d 814, 815 [1995]; see also People v Cooper, 88 NY2d 1056, 1058 [1996]). At

the March 2004 trial of this case, the court, without objection by defendant, instructed the jury on the elements of the crime of depraved indifference murder (Penal Law § 125.25 [2]) in accordance with *People v Register* (60 NY2d 270 [1983]), which was subsequently overruled by *People v Feingold* (7 NY3d 288 [2006], *supra*). Defendant's conviction for depraved indifference murder comports with the weight of the trial evidence when that evidence is examined in light of the court's instruction, to which, we reiterate, defendant did not except. We would add that defendant himself testified that he slashed at the victim and his companions to intimidate them, without a specific intent to kill. The jury was entitled, if it chose, to accept only this much of defendant's testimony, and to predicate the conviction for depraved indifference murder upon it, while rejecting defendant's claim to have acted in self-defense.

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, Gonzalez, Catterson and Malone, JJ.

Mazzarelli, J.P., concurs in a separate memorandum as follow: I concur with the majority's determination to affirm the defendant's conviction. However, I am constrained to write separately because it is my belief that the weight of the evidence review which is required of our court necessitates more than a summary dismissal of the claim by deeming it a disguised unpreserved legal sufficiency argument. To not conduct a full weight of the evidence review would, in my view, be an abdication of our responsibility to "make absolutely clear that a defendant['s conviction] has received the appellate scrutiny that the Criminal Procedure Law requires" (*People v Romero*, 7 NY3d 633, 646 [2006]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987] [distinguishing legal sufficiency and weight of the evidence review]).

As the Court of Appeals, which has weight of the evidence review powers in capital cases, stated in *People v Cahill* (2 NY3d 14, 58 [2003]), "[a] guilty verdict based on a legally sufficient case is not the end of our factual analysis but the beginning of our weight of the evidence review." Upon a review of the facts of this case in light of the charge as given, I would find the evidence sufficient to support the defendant's conviction of depraved indifference murder (*see People v Cooper*, 88 NY2d 1056 [1996]; *People v Noble*, 86 NY2d 814 [1995]).