■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PATTERSON, Appellant. [834 NYS2d 18]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.),

rendered April 10, 2003, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

Defendant's unelaborated dismissal motions failed to preserve his challenge to the sufficiency of the evidence supporting his conviction of depraved indifference murder, and we decline to review that challenge in the interest of justice. Even if we were to review the arguments addressed to the sufficiency of the evidence, we would affirm. The evidence, including defendant's own trial testimony that he fired his weapon while looking away from the victim, supported the jury's finding that defendant recklessly engaged in conduct creating a grave risk of death to another person, under circumstances evincing depraved indifference to human life, rather than with specific intent to kill the victim (*see* Penal Law § 125.25 [2]; *People v Atkinson,* 7 NY3d 765 [2006]; *People v McMillon,* 31 AD3d 136 [2006], *lv denied* 7 NY3d 815 [2006]; *People v Dudley*, 31 AD3d 264 [2006], *lv denied* 7 NY3d 866 [2006]).

We also find that the conviction comports with the weight of the evidence, viewing that evidence, as we must, "in light of the elements of the crime as charged without objection by defendant" (*People v Noble*, 86 NY2d 814, 815 [1995]; *see also People v Cooper*, 88 NY2d 1056, 1058 [1996]). For the reasons more fully discussed by this Court in *People v Danielson* (— AD3d —, 2007 NY Slip Op 02626 [2007] [decided herewith]), to the extent the charge on depraved indifference was inconsistent with current law as set forth in the line of cases culminating in *People v Feingold* (7 NY3d 288 [2006]), and to the extent the evidence would have been insufficient under such current law, we are obliged to review the facts (CPL 470.15 [5]) in light of the submission of the depraved indifference count and the instructions the jury received thereon, both, to reiterate, without cognizable exception by defendant. We note that, if an unpreserved legal sufficiency argument could be raised in the guise of a weight-of-the-evidence claim (as argued by defendant), the defense—knowing that, upon request, weight-of-the-evidence review is mandatory on an appeal to the Appellate Division—would have an incentive not to raise specific legal sufficiency claims at trial, when any deficiency might still have been remedied or, alternatively, the case might have been charged in a different fashion.

The court properly denied defendant's motion to suppress his written statement. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The arresting

detective's testimony was sufficient to satisfy the People's burden of establishing that defendant did not request counsel until after he made the written statement (*see People v Witherspoon*, 66 NY2d 973 [1985]).

Defendant's arguments concerning the prosecutor's impeachment use of an unlawfully obtained statement are without merit. Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.