(May 31, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTA CASIANO, Appellant. [837 NYS2d 76]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J., at pretrial hearings; Edward J. McLaughlin, J., at jury trial and sentence), rendered February 26, 2003, convicting defendant of two counts of murder in the second degree (depraved indifference and felony murder), sentencing her, as a juvenile offender, to a term of nine years to life on the depraved indifference murder count, and setting aside the felony murder verdict as a nullity, unanimously affirmed.

This 13-year-old defendant was acquitted of intentional murder but found guilty of depraved indifference murder and felony murder. The trial court sentenced defendant on the depraved indifference murder count, but set aside the felony murder verdict as a nullity, pursuant to CPL 310.85 (2) and Penal Law § 10.00 (18), in that a 13 year old is criminally responsible for depraved indifference murder but not felony murder.

In the early morning hours of November 14, 1997, defendant and codefendant Erica Colon robbed a livery cab driver. With the gun pointed at the driver, defendant told the driver that she would shoot him if he did not hand over his money. When the driver said that his money was in the trunk, defendant warned that she would shoot him if he opened the door. The driver did not heed the warning and defendant shot him once, killing him.

It was not an abuse of discretion to preclude certain psychiatric testimony about defendant's mental state and competency to waive her *Miranda* rights. The testimony offered no special professional or scientific knowledge or skill outside the range of ordinary intelligence or training (*People v Cronin*, 60 NY2d 430, 433 [1983]), and was equivalent to an opinion that the defendant's waiver was not knowing and voluntary (*see People v Ciaccio*, 47 NY2d 431, 439 [1979]).

Defendant's motion to suppress her written and videotaped statements was properly denied. Despite her age and limited intelligence, the record supports the motion court's finding that defendant made a knowing and intelligent waiver of her rights (*People v Williams*, 62 NY2d 285, 288-289 [1984]).

Defendant's claim, raised for the first time on appeal, that her conviction was not supported by legally sufficient evidence because the act of killing the driver was intentional, is unpreserved (CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice since she argued at trial that the murder was not intentional (*People v Aezah*, 191 AD2d 312, 313 [1993], *lv denied* 81 NY2d 1010 [1993]). Defendant's alternative argument, that the circum-

stances of this crime do not fit depraved indifference murder, although presented in her pretrial motion to dismiss the indictment, is also unpreserved (*People v Napolitano*, 282 AD2d 49, 52 [2001], *lv denied* 96 NY2d 866 [2001]). Even if we were to review these arguments, we would find that the jury could have reasonably concluded, particularly if it credited portions of defendant's statement, that she lacked homicidal intent but acted under circumstances evincing a depraved indifference to human life (*see* Penal Law 125.25 [2]; *People v Patterson*, 38 AD3d 431, 431-432 [2007]). To the extent that defendant challenges the sufficiency of the grand jury evidence, it is not reviewable on appeal (CPL 210.30 [6]; *Napolitano*, 282 AD2d at 52).

Defendant's weight of the evidence claim is similarly unavailing. Weighing the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from such testimony (*People v Bleakley*, 69 NY2d 490, 495 [1987]), the evidence supports all of the elements of depraved indifference murder "as charged without objection by defendant" (*People v Noble*, 86 NY2d 814, 815 [1995]; *People v Cooper*, 88 NY2d 1056 [1996]) and consistent with *People v Register* (60 NY2d 270 [1983], *cert denied* 466 US 953 [1984]), the law then controlling with respect to depraved indifference murder (*Policano v Herbert*, 7 NY3d 588, 600 [2006]).

"[F]ocus[ing] . . . upon an objective assessment of the degree of risk presented by defendant's reckless conduct" (*Register*, 60 NY2d at 277), and accepting the jury's determination that the killing of the victim was not intentional, "the jury . . . could reasonably conclude that defendant's conduct was so manifestly destined to result in [the victim's] death as to deserve the same societal condemnation as purposeful homicide" (*People v Sanchez*, 98 NY2d 373, 378 [2002]; *see also Policano*, 7 NY3d at 597). Having conducted the requisite second layer of factual review, we reiterate that an otherwise unpreserved sufficiency claim cannot be raised in the guise of a weight-of-the-evidence challenge (*see People v Danielson*, 40 AD3d 174, 181 [2007]; *Patterson, supra* at 431-432; *People v Pasley*, 38 AD3d 427, 428 [2007]).

The court's statements made during jury deliberations mentioning the difference between adult and juvenile sentencing, although unwise, do not constitute reversible error (*cf. People v Friendly*, 27 AD3d 268 [2006], *lv denied* 7 NY3d 756 [2006]).

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and without merit and we decline to review them in the interest of justice. Were we to review those claims, we would reject them. Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Malone, JJ.