■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIE HERRNKIND, Appellant. [851 NYS2d 886]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]; *People v Conway,* 6 NY3d 869, 872 [2006]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Bleakley,* 69 NY2d 490, 495 [1987]).

The Supreme Court providently exercised its discretion in denying the defendant's application for the appointment, pursuant to County Law § 722-c, of a purported expert in the area of coerced, false confessions, since the defendant failed to establish that the expert's proposed testimony was necessary or relevant to a significant issue at trial (*see People v Cronin,* 60 NY2d 430, 433 [1983]; *People v Casiano,* 40 AD3d 528, 529 [2007], *lv denied*

9 NY3d 990 [2007]; *People v Oquendo,* 250 AD2d 419 [1998]; *cf. Ake v Oklahoma,* 470 US 68, 74 [1985]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.