THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SWITZER, Appellant. [865 NYS2d 457]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered December 6, 2004. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed for criminal possession of a weapon in the third degree under count three of the indictment and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing on count three of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [former (4)]). We reject the contention of defendant that County Court erred in admitting in evidence fingerprint cards establishing that he had previously been convicted of a crime, an element of criminal possession of a weapon in the third degree under count three of the indictment (§ 265.02 [1]). Contrary to defendant's contention, the People established the requisite foundation for the admission of the fingerprint cards by presenting the testimony of an officer of the Rochester Police Department (RPD) (*see generally* CPLR 4518 [a]; *People v Kennedy,* 68 NY2d 569, 579-580 [1986]). Although the electronic records from which the fingerprint cards were generated were produced by the Monroe County Sheriff's Department rather than the RPD, the officer was familiar with the procedures used to generate the records, the RPD routinely relied upon those records, and the RPD had direct access to the computer data to obtain those records (*see People v Cratsley,* 86 NY2d 81, 90-91 [1995]; *People v DiSalvo,* 284 AD2d 547, 548-549 [2001]; *People v Miller,* 150 AD2d 910, 911 [1989], *lv denied* 74 NY2d 815 [1989]). In any

event, even assuming, arguendo, that the court erred in admitting the fingerprint cards in evidence, we conclude that the error is harmless. The certificate of conviction admitted in evidence provided defendant's name and date of birth and thus was sufficient to establish that defendant was previously convicted of a crime (*see People v Petrianni,* 24 AD3d 1224, 1225 [2005]; *People v Melvin,* 279 AD2d 481 [2001]; *People v Rattelade,* 226 AD2d 1107 [1996], *lv denied* 88 NY2d 992 [1996]; *see generally People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

As the People correctly concede, however, there is a discrepancy between the certificate of conviction and the sentencing minutes with respect to count three of the indictment. The certificate of conviction provides that a term of imprisonment of $1^1/2$ to $4^1/2$ years was imposed on that count, which is a legal sentence, but the sentencing minutes establish that the court imposed a term of imprisonment of $1^1/2$ to 4 years, which is an illegal sentence (*see* Penal Law § 70.00 [2] [d]; [3] [b]). We therefore modify the judgment by vacating the sentence imposed for criminal possession of a weapon in the third degree under count three of the indictment, and we remit the matter to County Court for resentencing on that count of the indictment (*see People v Beard* [appeal No. 2], 41 AD3d 1251 [2007], *lv denied* 9 NY3d 920 [2007]; *People v Smith,* 28 AD3d 1202, 1203-1204 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Hall,* 5 AD3d 1011 [2004]). Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted following a jury trial, and it must therefore be amended to reflect that he was convicted following a nonjury trial (*see generally People v Saxton,* 32 AD3d 1286 [2006]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.