THIRD DEPARTMENT, JUNE, 2009

(June 4, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNETTE ROSE, Appellant. [879 NYS2d 852]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), rendered June 7, 2006 in Ulster County, upon a verdict convicting defendant of the crimes of falsifying business records in the first degree and official misconduct (two counts).

After a $1,158 discrepancy was discovered in the bank deposit records for the Town Clerk of the Town of Rochester, Ulster County, defendant, at that time a Deputy Town Clerk, was arrested and charged with grand larceny in the fourth degree,

falsifying business records in the first degree and two counts of official misconduct. Following a jury trial, defendant was convicted on the falsifying business records and the official misconduct charges. Defendant thereafter moved to set aside the verdict as inherently inconsistent and against the weight of the evidence. Supreme Court denied the motion and sentenced defendant to an aggregate probation term of one year and 100 hours of community service and imposed a $1,150 fine. Defendant now appeals.

Initially, as the People acknowledge, although Supreme Court properly indicated to the jury that defendant was charged with falsifying business records in the first degree, it mistakenly charged the jury on the law as it pertains to offering a false instrument for filing in the first degree. Despite defendant's failure to object to this fundamental error at trial, inasmuch as it cannot be determined if the jury found defendant guilty of the crime with which she was charged, the conviction on that count must be reversed as a matter of discretion in the interest of justice and a new trial ordered thereon (*see People v Steiner*, 117 AD2d 692, 692 [1986], *lv denied* 67 NY2d 951 [1986]; *People v Crutchfield*, 111 AD2d 346, 346 [1985], *lv denied* 66 NY2d 762 [1985]; *People v Melendez*, 96 AD2d 517 [1983]).

As for the remaining charges, to the extent that defendant argues that the verdicts finding her guilty of official misconduct (*see* Penal Law § 195.00 [1], [2]) are not supported by legally sufficient evidence, such argument was not preserved by the appropriate objection at trial (*see People v Golden*, 37 AD3d 972, 973 [2007], *lv denied* 9 NY3d 844 [2007]). Nor are we persuaded that these verdicts are against the weight of the evidence. The trial testimony established that defendant was a public servant responsible for collecting money paid to the Town for transfer station tickets, entering that information into the Town's database and preparing daily bank deposits. The $1,158 discrepancy was linked to transactions made on July 1, 2003, a day on which defendant signed a receipt acknowledging that she received $1,200 in cash from the Town Supervisor for the sale of transfer station tickets by a local hardware store. Defendant prepared the documentation for a deposit, but the Town's bank records reflected that no cash was deposited on that day; rather, several small checks totaling $1,200 were deposited instead. An expert testified that the manner of the deposit was consistent with a cash substitution fraud scheme. Considering this evidence in a neutral light (*see People v Young*, 51 AD3d 1055, 1056 [2008], *lv denied* 11 NY3d 796 [2008]), and deferring to the jury's assessment of the credibility of the witnesses (*see*

*People v Bleakley*, 69 NY2d 490, 495 [1987]), we are satisfied that these verdicts are not against the weight of the evidence.

Finally, defendant's claim that the jury's verdicts are repugnant was not properly preserved for review (*see People v Stahl*, 53 NY2d 1048, 1050 [1981]).

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's conviction of falsifying business records in the first degree under count two of the indictment; matter remitted to the Supreme Court for a new trial on said count; and, as so modified, affirmed.