■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD KINNEAR, Appellant. [910 NYS2d 731]—Appeal from a judg-

ment of the Ontario County Court (Stephen R. Sirkin, A.J.), rendered June 5, 2009. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, a class E felony (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [former (i)]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that he previously had been convicted of driving while intoxicated, and thus that the judgment must be modified to reduce the conviction to two counts of driving while intoxicated as a misdemeanor (see CPL 470.05 [2]; cf. People v Vollick, 148 AD2d 950 [1989], affd 75 NY2d 877 [1990]). In any event, we reject that contention. The certificate of conviction that was admitted in evidence identified defendant by name and date of birth and was corroborated by evidence of the date of birth reflected on his driver's license. "Thus, the People established that defendant was the person previously convicted of driving while intoxicated" (People v Petrianni, 24 AD3d 1224, 1225 [2005]; see People v Switzer, 55 AD3d 1394, 1395 [2008], lv denied 11 NY3d 858 [2008]). Present—Martoche, J.P., Sconiers, Green and Pine, JJ.