# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1250

KA 13-01951

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

WILLIS KNIGHT, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Monroe County Court (John Lewis DeMarco, J.), rendered September 6, 2013. Defendant was resentenced following his conviction, upon a plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: On appeal from a resentence following his conviction upon a plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that County Court erred in resentencing him as a second violent felony offender and that the resentence is unduly harsh and severe. We reject those contentions. We note at the outset that the posthearing loss of the exhibits that were submitted at the predicate felony hearing, including the certificate of conviction from the predicate felony offense, does not deprive defendant of his right to appellate review of these issues. At the hearing, defense counsel did not object to the admission in evidence of the certificate of conviction, and there is no dispute that the certificate of conviction bore defendant's name and date of birth and was therefore "sufficient to establish that defendant was previously convicted of [the predicate] crime" (*People v Switzer*, 55 AD3d 1394, 1395, *lv denied* 11 NY3d 858; *see People v Rattelade*, 226 AD2d 1107, 1107-1108, *lv denied* 88 NY2d 992). Inasmuch as "the information in the missing [certificate of conviction] can be gleaned from the record and there is no dispute with respect to the accuracy of that information," we conclude that there is sufficient information to allow for effective appellate review of defendant's contention (*People v Jackson*, 11 AD3d 928, 930, *lv denied* 3 NY3d 757; *see generally People v Yavru-Sakuk*, 98 NY2d 56, 60). Based on the record, we conclude that the People established beyond a reasonable doubt that defendant was a second violent felony offender (*see People v Kinnear*,

78 AD3d 1593, 1594).  We further conclude that the resentence is not unduly harsh or severe.