People v Deleon (2018 NY Slip Op 08085)





People v Deleon


2018 NY Slip Op 08085


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7712 2200/13

[*1]The People of the State of New York, Respondent,
v
Kroucher Deleon, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered January 31, 2014, as amended May 1 and 15, 2014, convicting defendant, after a jury trial, of robbery in the third degree and two counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
Defendant's argument that the victim's recorded 911 call contained inadmissible hearsay is unpreserved and expressly waived, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Counsel never objected to the admission of the 911 call and thus the court was never called upon to make any findings as to its admissibility. In any event, any error in admitting this recording was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]). Defendant's claim that his conviction of the grand larceny of a credit card was against the weight of the evidence is unavailing. We are "constrained to weigh the evidence in light of the elements of the crime as charged without objection by defendant" (People v Cooper, 88 NY2d 1056, 1058 [1996]), and defendant's assertion that this principle applies only where there has been a change in the law pending appeal is without merit (see e.g. People v Lewis, 102 AD3d 505, 506 [1st Dept 2013], affd 23 NY3d 179 [2014]). Under the court's charge, to which there was no objection, the jury could have reasonably found that defendant stole a "credit card" (Penal Law 155.30[4]). We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK