People v Dean (2025 NY Slip Op 03878)

People v Dean

2025 NY Slip Op 03878

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

244 KA 19-01905

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY DEAN, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE CALLANAN, DISTRICT ATTORNEY, LYONS (JOSEPH R. PLUKAS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered August 2, 2019. The judgment convicted defendant upon a jury verdict of murder in the first degree, murder in the second degree (two counts), criminal possession of a weapon in the second degree (two counts) and conspiracy in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of murder in the second degree under counts 2 and 3 of the indictment and criminal possession of a weapon in the second degree under count 5 of the indictment and dismissing those counts, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), two counts of murder in the second degree (§ 125.25 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Defendant's conviction arises from a double homicide in which Joshua Niles and his girlfriend, Amber Washburn, were shot and killed. Niles was the father of two children with Charlene Childers, who later married defendant. Defendant, his wife, and a third individual allegedly planned Niles's murder after defendant's wife lost custody of those children to Niles.
We note at the outset that, as the People correctly concede, those parts of the judgment convicting defendant of murder in the second degree under counts 2 and 3 of the indictment must be reversed and those counts dismissed because they are inclusory concurrent counts of the count of murder in the first degree (see CPL 300.40 [3] [b]; People v Ashline, 124 AD3d 1258, 1258 [4th Dept 2015], lv denied 27 NY3d 1128 [2016]). We therefore modify the judgment accordingly.
Defendant further contends that the part of the judgment convicting him of criminal possession of a weapon in the second degree under count 5 of the indictment should be reversed on the basis that County Court did not properly charge the jury on that count. We agree. There is no dispute that when the court instructed the jury on count 5 of the indictment—charging defendant with criminal possession of a weapon in the second degree under Penal Law § 265.03 (3)—the court mistakenly read to the jury the elements required to support a conviction of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b). Although defendant did not object to that fundamental error at trial, we conclude that the judgment insofar as it convicted defendant on count 5 must be reversed as a matter of discretion in the interest of justice inasmuch as the court did not convey to the jury the correct standard to be applied in considering count 5 of the indictment (see People v Saigo, 150 AD3d 643, 645-646 [1st Dept 2017]; People v Rose, 63 AD3d 1184, 1185 [3d Dept 2009]; see generally People v Keschner, 25 NY3d 704, 724 [2015]). We therefore further modify the judgment by reversing that part convicting defendant of count 5 of the indictment and, under the circumstances of this [*2]case, we dismiss that count (see CPL 470.20; People v LaSalle, 95 NY2d 827, 829 [2000]; People v Von Cseh, 9 AD2d 660, 661 [1st Dept 1959], affd 8 NY2d 993 [1960], rearg denied 8 NY2d 1058, 1100 [1960], cert denied 365 US 817 [1961]).
Defendant further contends that the court erred in denying his application requesting additional funds beyond the statutory maximum to retain a psychiatric expert to assist in preparing a psychiatric defense. We reject that contention. County Law former § 722-c provides, relevantly, that "[u]pon a finding in an ex parte proceeding that investigative, expert or other services are necessary and that the defendant . . . is financially unable to obtain them, the court shall authorize counsel . . . to obtain the services on behalf of the defendant or such other person." It further provides that "[t]he court shall determine reasonable compensation for the services and direct payment to the person who rendered them or to the person entitled to reimbursement. Only in extraordinary circumstances may the court provide for compensation in excess of" the statutory cap. A court's determination under that provision is reviewed for an abuse of discretion (see People v Walker, 167 AD3d 1502, 1503 [4th Dept 2018], lv denied 33 NY3d 955 [2019]; People v Ganntt, 159 AD3d 986, 986 [2d Dept 2018], lv denied 31 NY3d 1117 [2018]; People v Koberstein, 262 AD2d 1032, 1033 [4th Dept 1999], lv denied 94 NY2d 798 [1999]). Here, we conclude that, in denying defendant's request for additional funds, the court did not abuse its discretion in determining that defendant failed to establish the requisite extraordinary circumstances to justify the requested additional expenditure (see County Law former § 722-c; Walker, 167 AD3d at 1503; People v Clarke, 110 AD3d 1341, 1342 [3d Dept 2013], lv denied 22 NY3d 1197 [2014]). In particular, the court properly concluded that defendant did not make the requisite showing of extraordinary circumstances to the extent that he failed to set forth any grounds establishing "that the issue of [his] sanity [would] be an important factor at trial" (People v Vale, 133 AD2d 297, 300 [1st Dept 1987]; see generally Ake v Oklahoma, 470 US 68, 82-83 [1985]).
Defendant also contends that the court abused its discretion in denying his request for additional funds inasmuch as, in making its determination, it erred in considering or assessing the underlying merits of a potential psychiatric defense. Defendant relies primarily on the recent decision of the Court of Appeals in People v Sidbury (42 NY3d 497 [2024]), which he asserts precludes any consideration whatsoever by a court determining a County Law former § 722-c application of the merits of a potential psychiatric defense. We reject that contention and conclude that Sidbury has no application here. In Sidbury, the Court of Appeals concluded that the trial court erred in denying the defendant's motion to file a late notice of intent to offer psychiatric evidence under CPL 250.10 inasmuch as, inter alia, the court "impermissibly based its decision to preclude [the proffered testimony] on its view that the psychiatric defense would have failed" (42 NY3d at 512). Indeed, the Court stated that "we have never held that a court may refuse to allow a psychiatric defense because the court believes the defense lacks merit" (id. at 513 n 10 [emphasis added]). Here, in contrast, the court was not precluding defendant from offering a psychiatric defense; it merely considered, in an entirely different statutory context with a different governing standard, whether defendant was entitled to additional public funds to substantiate such a defense (compare County Law former § 722-c with CPL 250.10). Indeed, quite to the contrary, the court in this case, unlike in Sidbury, expressly stated that it was not precluding defendant from offering a psychiatric defense at trial. It merely concluded that there were no extraordinary circumstances that justified additional public expenditure.
In short, given that it involved the application of an entirely different statute, we conclude that Sidbury does not control whether the court properly ruled on defendant's application for additional funds under County Law former § 722-c. Regardless, consistent with the principles set forth in Sidbury, we agree that a court cannot wholly preclude a defense based upon the court's pretrial review of the merits thereof; however, that conclusion does not prevent the court from ensuring that there is some basis for the court to conclude that the expenditure of additional public funds is both necessary and justified by extraordinary circumstances. Such an evaluation must necessarily entail some examination of the underlying facts and circumstances of the case to ensure "that the issue of [a] defendant's sanity will be an important factor at trial" (Vale, 133 AD2d at 300; see Walker, 167 AD3d at 1503; People v Herrnkind, 49 AD3d 555, 555-556 [4th Dept 2008], lv denied 10 NY3d 864 [2008]). Consequently, we conclude that Sidbury does not preclude a trial court from considering, as a threshold determination, that the circumstances of the case justify the expenditure of additional funds under County Law former § 722-c.
Defendant further contends that the court erred in admitting in evidence certain records pertaining to a license plate reader that placed defendant's vehicle in the vicinity of the murders before and after the shooting. Even assuming, arguendo, that the court erred in admitting those records in evidence on the basis that the People did not establish a proper foundation to admit them as business records (see CPLR 4518 [a]; CPL 60.10; People v Switzer, 55 AD3d 1394, 1394 [4th Dept 2008], lv denied 11 NY3d 858 [2008]; West Val. Fire Dist. No. 1 v Village of Springville, 294 AD2d 949, 950 [4th Dept 2002]), we conclude that any such error is harmless (see People v Kello, 96 NY2d 740, 744 [2001]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
We further conclude that defendant's sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant reversal or further modification of the judgment.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court