People v Smith (2025 NY Slip Op 05847)

People v Smith

2025 NY Slip Op 05847

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

112760
[*1]The People of the State of New York, Respondent,
v
Nicholas X. Smith, Appellant.

Calendar Date:September 4, 2025

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Adam G. Parisi, Schenectady, for appellant.
Christina Pearson, District Attorney, Fonda (William Berger of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Montgomery County (Kelly McKeighan, J.), rendered January 24, 2020, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), attempted robbery in the first degree and criminal possession of a weapon in the second degree.
On the evening of June 19, 2019, the victim was shot and killed at his home. Following an investigation, defendant was charged by indictment with two counts of murder in the second degree, one count of attempted robbery in the first degree and one count of criminal possession of a weapon in the second degree. At the conclusion of a jury trial, defendant was convicted as charged. He was ultimately sentenced to two prison terms of 25 years to life for the murder convictions, with lesser prison terms for the remaining convictions, all to run concurrently with each other. Defendant appeals.
First, defendant argues that he was denied his right to a fair trial when County Court improperly intervened while he was testifying and while defense counsel was cross-examining a police investigator, preventing defendant from fully exploring certain subjects and displaying bias against him. As an initial matter, defense counsel did not register any protestations with the court at the time of its interventions, and this claim is therefore unpreserved for appellate review (see People v Vega, 155 AD3d 462, 464 [1st Dept 2017], affd 33 NY3d 1002 [2019]; see generally People v Starling, 85 NY2d 509, 516 [1995]). In any event, we find it to be lacking in merit.
It is well settled that criminal trial judges may participate in the questioning of witnesses where "necessary to elicit significant facts, to clarify or enlighten an issue or merely to facilitate the orderly and expeditious progress of the trial," although "such power must be exercised sparingly, without partiality, bias or hostility" (People v Byrd, 152 AD3d 984, 988 [3d Dept 2017] [internal quotation marks and citations omitted]; see People v Arnold, 98 NY2d 63, 67 [2002]; People v Gaylord, 194 AD3d 1189, 1191-1192 [3d Dept 2021], lv denied 37 NY3d 972 [2021]). Here, contrary to defendant's contention, his counsel was not prevented from fully cross-examining the police investigator about his offer to help defendant. Not only was the investigator's interview of defendant videotaped and available for the jury to review, but counsel had an adequate opportunity to question the investigator on this very topic. As for County Court's interjections during defendant's direct testimony regarding the nature of his relationship with the victim and what he did upon leaving the victim's house on the night in question, the court properly redirected defendant from providing nonresponsive answers to the questions posed. With regard to defendant's testimony concerning why he left the victim's home, why he then went to another town and why he did not provide the police with his account of what had occurred, although the court [*2]did intervene at times, a review of the trial transcript reveals that defendant was sufficiently permitted to testify about these subjects. Accordingly, we conclude that the court neither exhibited bias against defendant nor deprived him of a fair trial (see People v Byrd, 152 AD3d at 988; People v Lupo, 92 AD3d 1136, 1138 [3d Dept 2012]).
Next, defendant contends that County Court erred by providing an incorrect definition of one of the charged crimes during its final jury instructions. We agree. Although this issue is likewise unpreserved for our review, we deem it proper to take corrective action in the interest of justice (see People v Porter, 82 AD3d 1412, 1413 [3d Dept 2011], lv denied 16 NY3d 898 [2011]; People v Rose, 63 AD3d 1184, 1185 [3d Dept 2009]). Defendant was charged with attempted robbery in the first degree pursuant to Penal Law § 160.15 (2), defined as forcibly stealing property while armed with a deadly weapon. When the court instructed the jury on this count, it initially made reference to the requirement of being armed with a deadly weapon. However, when thereafter summarizing the elements of this crime, the court omitted the deadly weapon element and instead substituted in its place the element of causing serious physical injury to the victim, which is a different theory of robbery in the first degree (see Penal Law § 160.15 [1]). This error was repeated by the court when the jury asked for the definitions of the crimes to be read back. Under these circumstances, the jury was left to consider an internally inconsistent definitionof attempted robbery. Given that " 'the charge, read as a whole against the background of the evidence produced at trial, likely confused the jury regarding the correct rules to be applied in arriving at a decision' " (People v Every, 146 AD3d 1157, 1165 [3d Dept 2017], affd 29 NY3d 1103 [2017], quoting People v Walker, 26 NY3d 170, 174-175 [2015]), the court's error was not harmless and remittal for a new trial on this count is necessary (see People v Saigo, 150 AD3d 643, 646-647 [1st Dept 2017]; People v Porter, 82 AD3d at 1413; People v Rose, 63 AD3d at 1185).[FN1]
Turning to defendant's assertion that trial counsel was ineffective for failing to preserve the two aforementioned issues for appellate review, as outlined above, County Court's intervention during witness testimony was not improper, such that counsel's failure to object did not deprive defendant of meaningful assistance(see People v Luna, 224 AD3d 554, 555 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Njoku, 218 AD3d 1047, 1051-1053 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]). Defendant's claim of ineffectiveness pertaining to counsel's failure to object to the erroneous jury instruction has been rendered academic in light of our ruling on that issue (see People v Saletnik, 285 AD2d 665, 668 [3d Dept 2001]).
Finally, we reject defendant's challenge to his sentence. Taking into account defendant's criminal history, his failure [*3]to accept responsibility and the senseless and brutal nature of the victim's death, defendant's sentence was not unduly harsh or severe (see People v Dorvil, 234 AD3d 1106, 1117 [3d Dept 2025], lv denied 44 NY3d 982 [2025]; People v Malloy, 166 AD3d 1302, 1311 [3d Dept 2018], affd 33 NY3d 1078 [2019]).
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's conviction of attempted robbery in the first degree under count 3 of the indictment and vacating the sentence imposed thereon; matter remitted to the County Court of Montgomery County for a new trial on said count; and, as so modified, affirmed.

Footnotes

Footnote 1: We further agree with defendant that County Court should have instructed the jury regarding the legal definition of the term "forcible stealing" (see Penal Law § 160.00; CJI2d[NY] Penal Law § 160.00, https://www.nycourts.gov/judges/cji/2-PenalLaw/160/160-00.pdf [last accessed Oct. 20, 2025]).